UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ZUMAYA MACIAS,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, *et al.*,<br><br>　　　　　　　　Respondents. | Case No.: 26-cv-911-JO-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

　　　For the reasons stated in the Court's minute order [Dkt. 6], the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

　　　1.　　Respondents shall RELEASE Petitioner by 5 p.m. on February 26, 2026. Respondents shall file an affidavit attesting to Petitioner's release by 5 p.m. on February 27, 2026.

　　　2.　　Because the government concedes that, pursuant to 8 U.S.C. § 1226, Petitioner is entitled to a bond hearing to justify detention during the pendency of his removal proceedings, the Court ENJOINS Respondents from redetaining Petitioner during the pendency of his removal proceedings without first providing a

bond hearing before an immigration judge to justify the deprivation of his liberty interest. At any such hearing, the government must carry its burden of demonstrating, by clear and convincing evidence, that Petitioner poses a danger to the public or a flight risk that warrants his detention. *See Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011). Respondents SHALL NOT deny Petitioner bond on the basis that 8 U.S.C. § 1225(b) requires or authorizes mandatory detention. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284, *10 (C.D. Cal. Feb. 18, 2026). The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release. *See Hernandez*, 872 F.3d at 1000.

3. Respondents shall file a declaration attesting to full compliance with these obligations. Respondents are ENJOINED from redetaining Petitioner **until 48 hours after** filing the declaration.

**IT IS SO ORDERED.**

Dated: February 25, 2026

_____
Honorable Jinsook Ohta
United States District Judge